**Opinion issued February 18, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00025-CR

## NO. 01-15-00026-CR

———————————

**TRICIA GILFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Court Case Nos. 13-15952 & 13-15953**

---

## MEMORANDUM OPINION

After appellant, Tricia Gilford, pleaded guilty with an agreed recommendation on punishment to the second-degree felony offense of aggravated assault and the third-degree felony offense of resisting arrest, the trial court

deferred adjudication of guilt and placed her on community supervision for ten years for both offenses.[1] The State subsequently moved to adjudicate guilt, and appellant pleaded true to allegations that she had violated two conditions of her community supervision. The trial court granted the motion to adjudicate, found appellant guilty of the charged offenses, and assessed her punishment at ten years' confinement for both offenses, to run concurrently. The trial court certified that the case is not a plea-bargain case and that appellant has the right to appeal. Appellant timely filed a notice of appeal.[2]

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807,

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 2011) (aggravated assault); *id.* § 38.03 (Vernon 2011) (resisting arrest). The aggravated assault offense was tried in trial court cause number 13-15952 and resulted in appellate cause number 01-15-00025-CR. The resisting arrest offense was tried in trial court cause number 13-15953 and resulted in appellate cause number 01-15-00026-CR.

[2] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Ninth District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

2

812–13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the appellate record and the brief to appellant and informed her of her right to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *see also Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (holding that appellate counsel who files *Anders* brief must "take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes"). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We

note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] Attorney Thomas J. Burbank must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that she may, on her own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).